# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JUWANA BEARD,**

    **Plaintiff,**

**CASE NO: _____**

vs.

**SIZZLING PLATTER, LLC,**
**doing business as LITTLE CAESARS,**

    **Defendant.**

_____ /

## PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **JUWANA BEARD**, (hereinafter referred to as "Beard" and "Plaintiff") by and through the undersigned attorney, files Plaintiff's Amended Complaint and Demand For Jury Trial against Defendant **SIZZLING PLATTER**, **LLC**, doing business as **LITTLE CAESARS** (hereinafter collectively referred to as "Little Caesars") and as grounds, states as follows:

### I. NATURE OF THIS ACTION

1. This case is brought to enforce the anti-retaliation provisions of Florida's Workers' Compensation Act, Coercion of Employees, Florida Statute, Chapter §440.20.

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*

Beard seeks compensatory and punitive damages for Little Caesars' unlawful retaliation and for the lost income, employment benefits/entitlements, severe emotional distress and for the consequential damages that Beard suffered while working as a Little Caesars' manager/employee and as a result of her wrongful job termination.

## II. PROCEDURAL HISTORY

2. This action was originally filed in Florida State Court (Case No.: 2018-CA-007320-O).

3. In order to streamline the litigation, Plaintiff voluntarily dismissed certain factual allegations in her initial pleadings to conform with the evidence in the record that had been revealed to her after the filing of her initial Complaint and Jury Demand. Jones voluntarily dismissed certain named defendants in her initial Florida State Court pleadings, and she timely re-filed her Complaint and Jury demand in federal court. (Case No: 6:20-cv-1918-Orl-40EJK)

4. During the time that the undersigned attorney was attempting to engage in alternative dispute resolution opportunities with Defendant's attorney, and during the time that the undersigned attorney was clarifying the formal service of process with Defendant's attorneys, on February 14, 2021 the Court unilaterally dismissed Beard's

Complaint <u>without prejudice</u> --- despite Jones' timely compliance with the Court's order (Doc 17, Case No: 6:20-cv-1918-Orl-40EJK).[1]

5. The federal Court has granted Jones the opportunity to refile her Complaint and Jury Demand.

6. Pursuant to the Court's Order (Doc 14, Case No: 6:20-cv-1918-Orl-40EJK), Jones is timely re-filing her lawsuit pursuant to the State of Florida statute of limitations for her common law and Florida statutory causes of action, including the FWCA.

7. All administrative conditions precedent to the filing of this action, have been timely filed, met and performed.

## II. JURISDICTION AND VENUE

8. This is an action for compensatory and punitive damages in excess of the Court's jurisdictional monetary threshold amount of $75,000.00, exclusive of attorneys' fees, litigation costs and interest.

9. This honorable Court is the proper venue for this action pursuant to 28 U. S. C. §1391 (b)(1) and (b) (2) and Local Rule 1.02, United States District Court, Middle District of Florida because this is the federal court district and division in which Beard

---

[1] The record in this lawsuit, reveals that after Jones had filed her federal Court complaint, she continued in her "good faith" efforts to mediate/resolve this action to avoid time delays and the expenses of protracted Court litigation.

resides, and the district in which Little Caesars' unlawful acts, unlawful retaliation events and omissions giving rise to Beard's claims, as alleged herein occurred.

10. Pursuant to 28 U.S.C. §1367, this Court has supplemental, pendent jurisdiction in this action because Beard's common law tort claim(s) derive from the same nucleus of operative facts as Beard's claims, as alleged herein.

11. Beard is a State of Florida citizen and she remains a resident of the State of Florida (Orlando, Florida). Thus, this honorable Court has personal jurisdiction over Beard.

12. Little Caesars is recognized as an employer in the State of Florida. Little Caesars employs thousands of employees within the meaning of Florida Statute, Chapter §440.205, Coercion of Employees, Florida's Workers' Compensation Act, (FWCA).

13. This honorable Court has personal jurisdiction over Little Caesars in this action pursuant to Federal Rule of Civ. Pro., Rule 4, because Little Caesars is a foreign corporation that is licensed to operate and conduct business in the State of Florida.

14. At all material times and during the acts alleged herein, Little Caesars continuously operated Little Caesars' food service restaurants in the State of Florida, including, but not limited to:  Little Caesars, 14027 W. Colonial Drive, Winter Garden, Florida 34787 (Winter Garden), Little Caesars, 5149 John Young Parkway, Orlando, Florida 32839 (John Young), Little Caesars, 4577 US-192, St Cloud, FL 34769 (St. Cloud), and Little Caesars, 13651 Hunters Oak, Orlando, Florida 32837 (Hunters Creek).

15. Little Caesars' State of Florida Registered Agent according to the public record of the Florida's Department of State, Division of Corporations is: CT CORPORATION SYSTEM, 1200 South Pine Island Road, Plantation, Florida 33324.

### III.  THE PARTIES

16. Sizzling Platter, LLC, is a franchise chain of restaurants comprised of Little Caesars, Dunkin' Donuts, WingStop, Red Robin, Sizzler, and other casual and full-service restaurant brands.

17. Sizzling Platter, LLC is the parent company that manages and operates Little Caesars restaurants.

18. Beard is a single mother and during the relevant time period she was the sole breadwinner for her family.

19. Beard was employed as a Little Caesars General Manager In Training ("GMIT"–Floating Manager) in various Orlando, Florida Little Caesars restaurants from June 2014 until her wrongful job termination that occurred on October 22, 2016.

### BEARD'S WORKPLACE FALL AND ON THE JOB INJURIES

20. On September 7, 2016, Beard was working in the Little Caesars' (Hunters Creek Restaurant) walk-in cooler/freezer along with another Little Caesars' employee named, "Louis".

21. When Beard entered Little Caesars' walk-in cooler/freezer, three large, heavy crates of cheese that had not been stored properly toppled over and fell on top of Beard.

22. Beard was pinned down under the heavy crates and she suffered severe pain and back injuries.

23. Louis assisted in getting the crates off Beard and he picked Beard up after she had fallen on the freezer's floor.

24. Beard attempted to continue working her work duties and her scheduled work shift(s) despite being in extreme pain and agony.

## BEARD FILED A WORKPLACE INJURY/ACCIDENT REPORT

25. On September 9, 2016 HERNANDON (Last Name Unknown–"Hernandon"), one of Little Caesars' District Managers that was working that day with Beard, instructed Beard to complete a Little Caesars' workplace injury/accident report.

26. Beard timely filed a workplace injury/accident report on Little Caesars' intranet computer reporting system as Hernandon instructed.

27. During the relevant time period Marcie Albritton ("Albritton") worked as a Little Caesars' Regional Manager.

28. Albritton exercised authority, management and supervisory control over Beard.

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*

29. Beard electronically reported her September 9, 2016 workplace injury to Albritton, Little Caesars' corporate officials and she notified other Little Caesars' managers of her workplace injury on Little Caesars' intranet computer system.

30. After Beard had filed her workers compensation injury report, Hernandon instructed Beard to seek medical attention for her workplace injuries.

### BEARD RECEIVED EMERGENCY MEDICAL TREATEMENT FOR HER WORKPLACE INJURIES

31. Beard was admitted into the Osceola Regional Medical Center Emergency Room, 52 W. Underwood St. Orlando, FL 32806 on September 9, 2016.

32. Beard was diagnosed by the Osceola Regional Medical Center emergency room physicians as having herniated disks and severe back pain.

33. Beard was prescribed medications for her workplace injuries and the severe pain that she was enduring.

34. Beard was ordered by the Osceola Regional Medical Center's emergency room physician to bed rest, and she was ordered to work "<u>only</u>" in limited, light duty, non-<u>strenuous work assignments</u>.

### BEARD WAS FORCED TO CONTINUE TO WORK HER NORMAL WORK DUTIES WHILE INJURED AND SUFFERING EXTREME PAIN

35. Despite being injured, Little Caesars' managers, including Scott Askew, Little Caesars' District Manager, instructed Beard that she had to return to work on September 10, 2016 if she **"wanted to keep her job"**.

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*

36. Askew and Albritton forced Beard to continue working her strenuous work duties and her full-time work shifts despite enduring her painful workplace injuries.

37. When Beard returned to work on September 10, 2016, JULIO (Last Name Unknown –"Julio"), one of Little Caesars' General Managers witnessed Beard working and grimacing in extreme pain and agony.

38. Julio joked and he made disparaging, condescending and apathetic comments to Beard including, but not limited to:

    A. "**I have a back injury and I can work with back pain!**"

    B. "**You will be alright!**"

39. Julio and Little Caesars other managers forced Beard to continue working her same work schedule and strenuous job duties while she was seriously injured and experiencing pain/agony.

### BEARD REPORTED LITTLE CAESARS' DISTRICT MANAGER'S VERBAL ABUSE/ASSAULT AGAINST HER MINOR DAUGHTER

40. At all times material and during the acts alleged herein, Little Caesars had an affirmative, legal and ethical duty to comply with the anti-retaliation provision of the FSLA, FWCA, and Florida's child labor laws

41. During the relevant time period Beard's minor daughter, TYSHRISHA MORGAN ("Morgan") worked as a Crew Member for Little Caesars (Winter Garden) and Little Caesars (John Young).

42. Morgan was sixteen (16) years old at the time she was hired by Little Caesars and Morgan was a minor child under the FSLA and Florida law, during the time that she worked for Little Caesars.

43. On the night of October 16, 2016, Beard called Albritton on her cellular telephone to report that Scott Askew, Little Caesars' District Manager, ("Askew") was forcing Morgan to work with Little Caesars' "dangerous" pizza dough cutting machines in violation the FSLA law designed to protect the health/safety of minors.

44. Beard also complained to Albritton that Askew had verbally abused/assaulted Morgan during her working hours in the presence of her co-workers and customers.

45. Beard remined Albritton that Morgan was a minor child – under eighteen (18) years of age and Florida's child labor law(s) did not allow minors under the age of 18 to work on the pizza dough cutting machines.

46. Albritton angrily stated to Beard that she **"did not believe"** that Askew had verbally abused/assaulted Morgan.

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*

47. Beard also complained to Albritton that Morgan was being forced to work her normal work duties in **extreme pain** and she complained that Little Caesars was forcing her to work her normal, strenuous work duties.

48. On October 16, 2016, Beard also complained to Albritton that Little Caesars was angry with her (Beard) because she had filed a workers' compensation claim and because of her demands for modified work duties.

### LITTLE CAESARS' RETALIATORY JOB TERMINATION

49. On October 22, 2016, Beard reported to work as scheduled.

50. At all material times, Little Caesars did not provide Beard with any job accommodations or limited/modified work duties whatsoever.

51. Little Caesars' managers forced Beard to continue working her normal, strenuous work duties despite her workplace injury and the severe pain she was experiencing.

52. On October 22, 2016, Albritton visited the Little Caesars (Hunters Creek) restaurant where Beard was working.

53. On October 22, 2016, Beard <u>again complained</u> to Albritton that she was in extreme pain because of her workplace injuries and Beard complained to Albritton that Little Caesars was forcing her to work her normal, strenuous work duties.

54. Beard also stated to Albritton that she was being retaliated against for complaining about, opposing and reporting the verbal abuse/assault of Askew with regards to her daughter, Morgan – a minor child.

55. Rather than addressing Beard's concerns related to her being forced to work in agony and pain, [and] rather than properly investigating Beard's report of Askew's verbal abuse/assault against Morgan, Albritton angrily stated to Beard, in part:

> A. **"You are not management material"**
>
> B. **"You cannot be trusted."**

56. Albritton told Beard that her employment was **"immediately terminated"**.

57. Albritton demanded that Beard immediately leave the Little Caesars restaurant.

58. Beard left the Little Caesars restaurant in a respectful manner as Albritton demanded.

---

59. Little Caesars intended to retaliate and to cause Beard the loss of her employment, emotional distress and inconveniences because Beard had exercised her workers' compensation rights.

60. The unlawful retaliation, malicious acts, and the conduct of Little Caesars' managers, agents, employees, representatives and officials as alleged herein, were willful, wanton, deliberate, malicious, egregious and outrageous.

61. Pursuant to the respondent superior doctrine, Little Caesars is vicariously liable for its malicious acts, retaliation, negligence, and omissions of its managers, agents, employees and representatives as alleged herein.

62. Little Caesars' unlawful retaliation, malicious acts and illegal conduct of Little Caesars' managers, agents, employees, representatives and officials as alleged herein, are per se FWCA statutory violations.

63. Little Caesars' retaliatory acts as alleged herein were illegal, willful, wanton, deliberate, malicious, egregious and outrageous.

64. All administrative conditions precedent to the filing of the instant lawsuit have been timely performed or otherwise excused.

**COUNT I**
**UNLAWFUL EMPLOYMENT RETALIATION/ COERCION**
**WORKERS' COMPENSATION RIGHTS**
**Florida Statute §440.205**

65. The allegations contained in paragraphs 1-64, in particular paragraphs 20-39 and paragraphs 49-64 are hereby realleged and incorporated by reference with respect to Count I.

66. Florida Statute, §440.205 states that an employer may not retaliate against an employee who files for workers' compensation benefits. Florida Labor Code, Chapter 440.205 states:

> "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

67. Beard engaged in statutorily protected speech employment activities that are recognized under the FWCA, Florida Statute, §440.205 when she filed a workers' compensation accident/injury report about her workplace physical injuries and supporting medical evidence, as alleged herein.

68. A close temporal proximity in time exists, <u>of less than 60 days</u>, between Beard's workplace injury and Beard's filing of her September 9, 2016 workers' compensation accident/injury report under Florida Statute, §440.205, her engagement in the statutorily protected employment speech activities as alleged herein, and Little Caesars' decision to terminate her employment on October 22, 2016.

69. Little Caesars' adverse employment actions, unlawful retaliation and its termination of Beard's employment as alleged herein, was intentional, wrongful, adverse and *pretextual* in nature.

70. WHEREFORE, Beard seeks an award of compensatory damages, and punitive damages under the anti-coercion/ unlawful retaliation provisions of Florida

Statute, §440.205 and for all other damages to which she is entitled to receive at trial, including, but not limited to:

    A.   An award to Beard for her back pay (with interest), including all sums of money Beard would have earned, together with such other increases to which she would be entitled, had her employment not been wrongfully terminated;

    B.   An award to Beard for her future loss/pay;

    C.   An award of reasonable attorneys' fees, costs and all applicable interest on any awards allowed by law;

    D.   Such other and further relief as this Court deems just and appropriate under the circumstances.

## COUNT II
### INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS
### WORKERS' COMPENSATION RETALIATION
### Florida Statute, Chapter §440.205
*Otis Elevator Co. v. Scott,* **503 So.2d 941, Florida Supreme Court (No. 70394.(1988)**
**Per Se Statutory Violation**

71.    Beard re-alleges and incorporates by reference the allegations in paragraphs 1-64, as fully set forth herein with respect to Count II.

72.    At all material times, Little Caesars' officials, managers and agents acted intentionally or recklessly.

73.    Little Caesars' officials', managers' and agents' intentional retaliation that they exacted upon Beard because she had exercised her rights under Florida's

Workers' Compensation Act, Florida Statute, Chapter §440.205 and Little Caesars' malicious actions as alleged herein, were deliberate, reckless and outrageous.

74. Little Caesars' officials', managers' and agents' actions were intentional and are so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.

75. Little Caesars' officials', managers' and its agents' actions, as alleged herein, were intentional and caused Beard severe emotional distress and mental anxiety, which resulted in Beard's physical complications.

76. WHEREFORE, Beard seeks an award of compensatory and punitive damages against Little Caesars under the statutory emotional distress damage provisions of Florida Statute, §440.205 for all damages to which Beard is entitled to receive at trial, including:

A. An award of compensatory and punitive damages to Beard for her severe emotional distress, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

B. An award of applicable interest on any awards to Beard as allowed by law;

C. Such other and further relief as this Court deems just and appropriate under the circumstances.

## JURY TRIAL DEMAND

77. Beard respectfully requests that this honorable Court grant Beard a trial by jury.

DATED:  June 1, 2021.                    Respectfully submitted:

**THE JONES LAW FIRM, P.A.**

BY:  **s/J. ERIC JONES, ESQUIRE**
 Florida Bar No: 0594571
 10752 Deerwood Parkway, Suite 100
 Jacksonville, FL 32246
 Telephone: (904) 434-7553
 Email: wereallycareaboutu@gmail.com
 Plaintiff's Trial Counsel

## CERTIFICATE OF SERVICE

I certify that on June 1, 2021, Plaintiff's Amended Complaint and Jury Demand was electronically filed on the CM/ECF, United States District Court, Orlando Division's E-Portal electronic filing system and a courtesy copy was delivered via email to Defendant's attorney of record:

**Theresa M. Waugh, Esquire**
Of Counsel
Littler Mendelson
111 N. Orange Avenue, Suite 1750
Orlando Florida  43801
Telephone: (407) 393.2924; (203.) 605.6130
E:Mail:  TWaugh@littler.com

                    **s/J. Eric Jones**
                    Attorney